# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTINA E. ZEDDIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00477-GMN-NJK<br><br>**ORDER SCHEDULING EARLY NEUTRAL EVALUATION** |

**NOTE: The Court made significant changes to its scheduling order.**

This matter has been referred to the undersigned magistrate judge to conduct an Early Neutral Evaluation ("ENE") as outlined in LR 16-6. An ENE is hereby scheduled for **June 18, 2020**. Plaintiff must report at **9:00 a.m.** to Judge Weksler's chambers, Room 3071, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada. Defendant must report to Judge Weksler's chambers at **9:30 a.m.** Parties and counsel should prepare to be at the ENE for the entire business day unless Judge Weksler indicates otherwise.

**I.　Pre-ENE telephonic conference.**

A pre-ENE telephonic conference is set for **June 17, 2020**, at **3:30 p.m.** This telephonic conference is for Judge Weksler and counsel only. Counsel must call 877-810-9415, access code 2365998, five minutes before the telephonic conference.

**II.　Exemption from the ENE program.**

Pursuant to the Local Rules, a motion for exemption from the ENE program must be filed no later than 7 days after entry of this order. LR 16-6(c). A response to the motion must be filed within 14 days after service of the motion, and a reply is not allowed. *Id.* The undersigned has final authority to grant or deny the motion, and the order is not appealable. *Id.*

…

…

### III. **Timeliness.**

All parties and counsel are expected to check in with Judge Weksler's chambers at least five minutes prior to the ENE.  If anyone anticipates arriving after the ENE's scheduled start time, they must give **prior** notice by contacting chambers at 702-464-5570.

### IV. **Attendance requirements.**

The in-person attendance of each of the following individuals is required for the entire duration of the ENE: an attorney of record who will be participating in the trial of this case; all parties appearing pro se, if any; all individual parties; for non-individual parties, a representative with settlement authority up to the full amount of the claim.  If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with settlement authority up to the full amount of the claim must also be present for the entire duration of the ENE.

The Court **may impose sanctions** if any of the above individuals are not present for the ENE.

### V. **Confidential written evaluation statement.**

In preparation for the ENE, each party must submit a confidential written evaluation statement for the Court's in-camera review.  The purpose of the written evaluation is to assist the undersigned in preparing for and conducting the ENE.  To facilitate a meaningful discussion, the parties' utmost candor is required.  The written evaluation will not be seen by or shared with the district or magistrate judge presiding over this matter.  Each written evaluation will be securely maintained and will be destroyed following the conclusion of the ENE.

The evaluation statement must adhere to the following requirements:

- The first paragraph must contain the names and titles of all attendees.  For non-individual parties present through a representative, you must indicate if there is a dollar value above which you will need the approval of a board or similar body and what that dollar value is. Each party may identify any persons connected with

1  a party opponent (including an insurer representative) whose presence might
2  substantially improve the utility of the ENE or the prospects of settlement.

- **The written evaluation must not exceed 10 written pages, not including exhibits.  The entire written evaluation must not exceed 50 pages, including exhibits.**  The parties should not include as exhibits any items available on the case docket.  A citation to the ECF No. will suffice.  If either party desires to exceed these page limits, they must seek the Court's approval.  The Court will not grant approval unless the requesting party can establish how the additional pages will aid the Court in helping the parties reach settlement.

- The written evaluation must briefly describe the substance of the suit and address the party's views on the key liability and damages issues.  **Each written evaluation must contain the elements of each claim and an analysis discussing how the facts relate to those elements.**  Further, each party must discuss the strongest and weakest points of their case, both factually and legally, including a candid evaluation of the merits of their positions.

- The written evaluation must also address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations.

- The parties must each include a comprehensive history, if any, of settlement negotiations occurring before the ENE.  **The final paragraph of the evaluation statement must contain the opening offer or demand that the party will make at the ENE.**

- If there are documents, pictures, recordings, etc., out of which the underlying suit arose, or whose availability would materially advance the purpose of the evaluation session, the parties must include copies of those items as exhibits to their evaluation statements.  If a party desires to include deposition transcripts as

an exhibit, the party should include only excerpts that the party desires to emphasize.

- Each party must certify that they have made initial disclosures under FED. R. CIV. P. 26(a)(1), and plaintiff must certify that he or she has provided a computation of damages pursuant to FED. R. CIV. P. 26(a)(1)(A)(iii).
- The written evaluation must estimate the costs (including attorney's fees and costs) of taking the case through summary judgment and through trial.
- **Each party's written evaluation must be submitted directly to Judge Weksler's chambers—Room 3071—by 4:00 PM on June 10, 2020.  Do not deliver or mail the written evaluations to the clerk's office and do not serve a copy on opposing counsel.**

VI.     **Electronic devices.**

**Recording the ENE proceedings is expressly prohibited.**  All attendees are permitted to bring electronic devices, which they may use to access information necessary to participate in the ENE or while the undersigned caucuses with other parties.  Wi-fi connection information will be provided during the ENE.

VII.    **Sanctions.**

Failure to comply with this order's requirements may subject the noncompliant party to sanctions under Local Rule IA 11-8 or Rule 16(f) of the Federal Rules of Civil Procedure.

DATED: April 30, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE