# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA E. ZEDDIES,<br><br>          Plaintiff,<br><br>  vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, *et al.*,<br><br>          Defendants. | Case No.: 2:20-cv-00477-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendants Clark County School District ("CCSD"), Clark County School District Police Department ("CCSDPD"), Jesus Jara, Karyn Caraway, Meskerem Kassa, Rebecca Pappas, Stefanie Wilson-Palacio, and Sigifredo Veloz (collectively, "Defendants").[1]  Plaintiff Christina Zeddies ("Plaintiff"), proceeding *pro se*, filed a Response, (ECF No. 10), to which Defendants filed a Reply, (ECF No. 11).[2]

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss as to the Title VII, the American Disabilities Act ("ADA"), and Section 1983 claims and remands Plaintiff's remaining state claims.

---

[1] Defendants Eddie Goldman, James Ketsaa, and Roberto Morales have not appeared in this case because they have not been served with process.

[2] The Court is obligated to hold a *pro se* litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a *pro se* litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  However, the *pro se* litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

I. **BACKGROUND**

This case arises out of CCSD's termination of Plaintiff. (*See* Compl., Ex. A to Pet. Removal, ECF No. 1).  Plaintiff was an employee of CCSD and maintained several positions while employed at CCSD, including Administrative Clerk, School Police Dispatcher, School Bus Driver, and Skilled Trades Assistant. (*Id*. ¶ 3).

On December 27, 2012, Plaintiff was subpoenaed to testify at a deposition in a civil case, No.: 2:11-CV-01919-LRH-RJJ. (*Id*. ¶¶ 18–19); (*see* Subpoena, Ex. I to Pl.'s Resp., ECF No. 10-2).  Plaintiff alleges that Defendants discriminated against her and harassed her for testifying, assisting, or participating in the civil case. (Compl. ¶ 19).

On January 30, 2015, Plaintiff received a "Notice of Disciplinary Action Recommendation for Dismissal and Immediate Suspension without pay Pending Investigation" from CCSDPD. (*Id*. ¶ 21).  The Notice indicated that an evidentiary hearing would be scheduled within thirty (30) days. (*Id*.).

Nevertheless, on March 17, 2015, Plaintiff filed a charge of discrimination, EEOC No. 34B-2015-00537, with the Equal Employment Commission ("EEOC") and Fair Employment Practices Agency ("FEPA").[3] (*Id*. ¶ 20); (*see* EEOC Charge filed on March 17, 2015 ("First EEOC Charge"), Ex. A to Def.'s Mot. Dismiss ("MTD"), ECF No. 7-2).  In those charges, Plaintiff alleged, approximately three years after the incident in 2012, that "Defendant Morales subjected . . . Plaintiff to unlawful employment practices for assisting in an investigation . . . [and] unlawful racial employment practices for assisting in an investigation, by harassment and intimidation." (*Id*. at 2).  Plaintiff later withdrew her charge on September 2, 2015. (*See* Notice of Closing, Ex. B to MTD, ECF No. 7-3).

---

[3] Plaintiff alleges that she filed her First EEOC Charge on February 9, 2015; however, Defendant provides a copy of the EEOC charge which shows that Plaintiff actually filed her First EEOC Charge on March 17, 2015. (*See* First EEOC Charge, Ex. A to MTD).

On September 14, 2015, Plaintiff was transferred to the Clark County School District Maintenance and Operations Department, a subdivision of CCSD. (Compl. ¶ 22).  Plaintiff alleges that this transfer was a demotion in hourly rate of pay and yearly salary. (*Id*. ¶ 22). Additionally, she alleges that she did not receive compensation for lost wages. (*Id*.).

On December 21, 2015, Plaintiff reported of an incident of sexual assault to CCSDPD, in which Plaintiff alleges that Defendant Sigifredo Veloz grabbed the back of Plaintiff's neck, aggressively tilted her head towards his groin, and stated, "This is how I get my wife to suck it." (*Id*. ¶ 23).  Plaintiff alleges that Defendant Karyn Caraway harassed and retaliated against Plaintiff for reporting the alleged incident of sexual assault. (*Id*. ¶ 24).

In July 2016, Plaintiff filed a worker's compensation claim concerning an undisclosed injury. (*Id*. ¶ 25).  Plaintiff filed a second worker's compensation claim on October 17, 2016 after another reported notice of injury. (*Id*. ¶ 26).  Plaintiff alleges that she was denied compensation and modification of her duties at work in light of her injuries. (*Id*.).  She alleges that her supervisor ultimately sent Plaintiff home, purportedly stating that "there is no light nor modified duties with restrictions as a Skilled Trade Assistant and you cannot return to work till you are one hundred percent." (*Id*.).

Plaintiff alleges that she spent the next three years applying for approximately two hundred (200) open job opportunities within CCSD. (*Id*. ¶ 27).  Plaintiff alleges that, during those three years, CCSD blacklisted Plaintiff and conspired to prevent her from engaging in or securing employment. (*Id*. ¶ 27).  Plaintiff also alleges that she was discriminated against on account of her disability. (*Id*.).

On October 1, 2019, CCSD reinstated Plaintiff as an Administrative Clerk. (*Id*. ¶ 28). CCSD assigned Plaintiff to the Clark County School District Information and Technology Department. (*Id*. ¶ 29).  On October 2, 2019, CCSD notified Plaintiff that she was identified as a "Surplus Employee" pursuant to negotiated agreement between CCSD and the Education

1  Support Employees Association ("ESEA"). (*Id.* ¶ 30).  CCSD subsequently reassigned Plaintiff
2  to a different position at the Related Services Center, a subdivision of CCSD. (*Id.* ¶ 32).

3       From October 14, 2019 to October 18, 2019, Plaintiff alleges that her supervisor,
4  Defendant Meskerem Kassa (also known as Meski Kassa), harassed Plaintiff for being
5  disabled. (*Id.* ¶ 33).  Plaintiff further alleges that Defendant Kassa directed Plaintiff to perform
6  tasks outside the scope of job, made embarrassing verbal comments in the office regarding
7  Plaintiff's disability, and otherwise harassed Plaintiff into mental stress resulting in
8  hypertension. (*Id.*).  Specifically, Plaintiff alleges that Defendant Kassa "conspired" to end
9  Plaintiff's employment and otherwise blacklist Plaintiff. (*Id.* ¶ 34).

10      On October 29, 2019, Plaintiff filed a second charge of discrimination with the EEOC.
11  (*Id.* ¶ 36); (*see* EEOC Charge filed on October 29, 2019 ("Second EEOC Charge"), Ex. C to
12  MTD, ECF No. 7-4).  In that charge, Plaintiff alleges "retaliation for engaging in protected
13  activity . . . religion, permanent disability, and racial innuendo(es)." (*Id.* at 2).  On December
14  12, 2019, CCSD directed Plaintiff to meet for an Investigatory Conference with Defendant
15  Kassa, two CCSD employees, and a representative from the ESEA. (Compl. ¶ 35).  Plaintiff
16  alleges that she has not received any notification regarding the outcome of the investigative
17  meeting. (*Id.*).  The EEOC later dismissed Plaintiff's second charge on October 31, 2019. (*See*
18  Dismissal and Notice of Rights, Ex. D to MTD, ECF No. 7-5).

19      Plaintiff, in her Complaint, asserts various claims against Defendants, including: (1)
20  racial discrimination; (2) racketeering under Nevada Revised Statute ("NRS") 207.380; (3)
21  intrusion upon seclusion of privacy; (4) defamation; (5) intentional infliction of emotional
22  distress; (6) discrimination on the basis of disability; (7) discrimination on the basis of
23  retaliation; (8) lost wages; (9) worker's compensation; (10) sexual harassment; and (11)
24  violation of § 1983. (Compl. ¶¶ 39, 47).  Defendants now move to dismiss each of Plaintiff's
25  claims. (*See* MTD, ECF No. 7).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

1    amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

2    to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

3    the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

4    movant, repeated failure to cure deficiencies by amendments previously allowed, undue

5    prejudice to the opposing party by virtue of allowance of the amendment, futility of the

6    amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

7    **III.    DISCUSSION**

8         Defendants move to dismiss Plaintiff's claims for being barred as a matter of law,

9    insufficiently pled, or not administratively exhausted. (MTD 2:17–19).  Plaintiff, in response,

10   attaches a number of exhibits; however, does not explicitly rebut Defendants' arguments in

11   their Motion to Dismiss. (*See generally* Pl.'s Resp., ECF No. 10).

12        As a preliminary matter, the Court addresses whether CCSDPD is a proper party to the

13   suit.  Defendants allege that because CCSDPD is a subdivision of CCSD, CCSDPD is therefore

14   not a separate party that should be named in the suit. (MTD 7:24–8:5).  The Police Department

15   is not a separate political subdivision capable of being sued. *See Tolan v. Hartshorn*, No. 3:10-

16   CV-17-ECR-RAM, 2010 U.S. Dist. LEXIS 129369, at *8 (D. Nev. Dec. 6, 2010) ("The Reno

17   Police Department is not a separate political subdivision capable of being sued."); *see also*

18   *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper

19   defendant in a § 1983 claim, an agency of the County is not.").  Plaintiff does not assert

20   otherwise in her Opposition.  CCSDPD is therefore dismissed from any remaining claims.

21   Turning to Defendants' arguments, the Court first analyzes Plaintiff's Title VII, ADA, and

22   Section 1983 claims and, after dismissing the claims with prejudice, remands the remaining

23   state claims.

24   //

25   //

### A.  Title VII and ADA Claims

Plaintiff asserts claims under Title VII and the ADA based on race discrimination, disability discrimination, harassment for testifying in the civil action, and harassment and retaliation for reporting her sexual assault. (Compl. ¶¶ 19, 20, 24, 27).  Defendants argue that Plaintiff's claims under Title VII and the ADA are subject to dismissal on multiple grounds. (MTD 9:17–18).  First, Defendants contend that Plaintiff cannot assert Title VII or ADA claims against individual defendants as a matter of law. (*Id*. 9:19–10:18).  Second, Defendants argue that Plaintiff is administratively barred from asserting her Title VII and ADA claims because Plaintiff failed to file her lawsuit within 90 days of receiving her right-to-sue letter. (*Id*. 10:19–11:13).  Defendants additionally argue that Plaintiff failed to exhaust her administrative remedies because Plaintiff's causes of action consist of acts that allegedly occurred three hundred (300) days before the filing of Plaintiff's Second EEOC Charge. (*Id*. 11:14–12:21).  Last, even if Plaintiff's claims are not administratively barred, Defendants argue that Plaintiff's claims are not plausible on the face of the Complaint. (*Id*. 12:22–13:26).

#### i.  Individual Defendants

Defendants first argue that Plaintiff cannot assert Title VII or ADA claims against individual defendants, specifically Jesus Jara, Karyn Caraway, Meskerem Kassa, Rebecca Pappas, Stefanie Wilson-Palacio, and Sigifredo Veloz. (MTD 9:19–10:18).  The Ninth Circuit has consistently held that "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003).  Because the named individuals are Plaintiff's supervisors and colleagues, the Court accordingly finds that the Title VII and ADA claims against the individual defendants fail as a matter of law.  Nevertheless, the Court considers whether Plaintiff's discrimination and retaliation claims under Title VII and ADA claims may proceed against CCSD.

//

ii.  <u>CCSD</u>

Plaintiff alleges numerous claims of discrimination and retaliation, including discrimination based on sex, discrimination based on national origin, discrimination based on race, discrimination and retaliation based on disability, retaliation for testifying in a deposition, and harassment and retaliation for reporting sexual harassment. (*See* Compl. ¶¶ 19, 20, 24, 27, 36); (*see also* Pl.'s Resp. 7:25–28, 8:26–9:3).  For the reasons below, the Court dismisses Plaintiff's Title VII and ADA claims against CCSD.

### 1.  Time-Barred

Defendants argue that Plaintiff's Second EEOC Charge is administratively barred because Plaintiff failed to file a lawsuit within ninety (90) days of receiving the right-to-sue letter. (MTD 10:19–11:13).  In her Second EEOC Charge, Plaintiff alleges discrimination based on disability, race, and retaliation for engaging in a protected activity in violation of Title VII and the ADA. (*See* Second EEOC Charge at 2, Ex. C to MTD).

Under Title VII, upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety (90) days to bring a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).  The limitations period starts from the "date on which a right-to-sue notice letter arrive[s] at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007).  If a litigant does not file suit within ninety (90) days of the date the EEOC dismisses a claim, then the action is time-barred. *Id*.

Plaintiff failed to timely file a civil action pursuant to her Second EEOC Charge.  The right-to-sue letter indicates that the letter was received on November 4, 2019.[4] (*See* Dismissal and Notice of Rights, Ex. D to MTD).  Plaintiff confirms this date in her Response, noting that she "received determination [from the EEOC] via the United States Postal Service on or around

---

[4] Defendants assert that the date of actual receipt is unknown and therefore, apply the presumption of receipt as held in *Payan*. (MTD 10:19–11:13).  The Court finds this argument irrelevant given that the right-to-sue letter indicated the date of receipt and Plaintiff later confirmed the date in her Response.

the fourth day of November, two thousand and nineteen." (Pl.'s Resp. 4:8–9).  The EEOC's

determination explicitly states, "your lawsuit must be filed within 90 days of your receipt of

this notice; or your right to sue based on this charge will be lost." (Dismissal and Notice of

Rights at 2, Ex. D to MTD).  Plaintiff accordingly had until February 2, 2020 to timely file her

Complaint.  Plaintiff, however, filed her Complaint on February 4, 2020—two (2) days after

the limitations period terminated. (*See* Compl.).  Because Plaintiff failed to timely file her

Complaint, the Court dismisses the Title VII and ADA claims alleged in her Second EEOC

Charge with prejudice.

### 2.  Exhaustion of Administrative Remedies

As to Plaintiff's remaining causes of action under Title VII and the ADA, Defendants

contend that Plaintiff failed to administratively exhaust all remedies. (MTD 12:5–14).  The

claims, Defendants assert, are not alleged in the Second EEOC Charge and Plaintiff otherwise

failed to file additional charges with the EEOC and/or NERC prior to filing the instant civil

action. (*Id.*).

A district court has jurisdiction over a Title VII claim only after a plaintiff exhausts his

administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995).  In order to

exhaust administrative remedies, the complainant must "file a timely charge with the EEOC,

thereby allowing the agency time to investigate the charge." *Lyons v. England*, 307 F.3d 1092,

1104 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)).  In addition to timely filing with the

EEOC, "[a]ny claims arising under Nevada employment antidiscrimination statutes must be

administratively exhausted prior to seeking redress in the district courts." *Blandburg v.

Advances Lighting & Elec., Inc.*, No. 2:19-CV-01519-RFB-BNW, 2020 WL 5803941, at *2 (D.

Nev. Sept. 29, 2020) (citing *Palmer v. State Gaming Control Bd.*, 106 Nev. 151 (Nev. 1990)).

In her First EEOC Charge, Plaintiff alleged harassment and retaliation for testifying at a

civil case. (*See* First EEOC Charge, Ex. A to MTD).  Plaintiff, however, later withdrew the

charge. (*See* Notice of Closing, Ex. B to MTD).  Accordingly, Plaintiff's only valid EEOC charge is her second charge filed on October 29, 2019, alleging discrimination based on disability, race, and retaliation for engaging in a protected activity. *See Wright v. United Airlines, Inc.*, 985 F.2d 577 (9th Cir. 1993) (citing *Rivera v. U.S. Postal Service*, 830 F.2d 1037, 1039 (9th Cir.1987) ("To withdraw [an EEOC complaint] is to abandon one's claim, to fail to exhaust one's administrative remedies.").  In her Second EEOC Charge, Plaintiff failed to allege her other claims of discrimination, harassment, and retaliation.[5]  Plaintiff therefore failed to administratively exhaust all remedies prior to suing CCSD regarding the claims of discrimination and retaliation not alleged in the Second EEOC Charge.  Because Plaintiff cannot possibly cure the deficiencies of the pleading, Plaintiff's remaining claims for discrimination under Title VII, the ADA, and Nevada state law are accordingly dismissed with prejudice.[6]

**B.  § 1983 Claim**

Defendants argue that Plaintiff's Section 1983 claim fails a matter of law because Plaintiff fails to identify a violation of Constitutional or federal statutory right. (MTD 8:15–9:15).  Plaintiff makes two references to a Section 1983 claim in her Complaint.  First, she references 28 U.S.C. § 1983 to establish jurisdiction and venue in the United States District Court of Nevada. (Compl. 2:24–28).  Plaintiff makes a second reference to Section 1983 under

---

[5] Specifically, in her Complaint, Plaintiff alleges race discrimination in 2012. (Compl. ¶ 20).  Plaintiff additionally alleges an instance of harassment and retaliation in 2015 and discrimination based on her disability from 2016–2019. (*Id*. ¶¶ 24, 27).  Also, Plaintiff broadly asserts discrimination in October 2019. (*Id*.).  In her Response, Plaintiff further alleges discrimination based on sexual origin and national origin. (*See* Pl.'s Resp. 7:25–26, 8:26–9:3).  These claims, however, are not alleged in her Second EEOC Charge.

[6] Nevada state law claims have the same exhaustion requirement as corollary federal claims. *See Blandburg v. Advances Lighting & Elec., Inc.*, No. 2:19-CV-01519-RFB-BNW, 2020 WL 5803941, at *2 (D. Nev. Sept. 29, 2020) (citing *Palmer v. State Gaming Control Bd.*, 106 Nev. 151 (Nev. 1990)) ("Any claims arising under Nevada employment antidiscrimination statutes must be administratively exhausted prior to seeking redress in the district courts.").

1   her Request for Relief, requesting an amount of $500,000.00 for "police brutality excessive
2   force against an individual." (*Id*. 17:27–18:4).

3          To make a valid claim under Section 1983, the movant must show: (1) a violation of
4   rights protected by the Constitution or created by federal statute (2) proximately caused (3) by
5   conduct of a "person" (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418,
6   1420 (9th Cir. 1991).  "Section 1983 does not create substantive rights; it merely serves as the
7   procedural device for enforcing substantive provisions of the Constitution and federal statutes."
8   *Id*.  Here, Plaintiff fails to provide information to allege a plausible claim under Section 1983.
9   The Complaint contains neither factual allegations of police brutality nor excessive force.
10  Though Plaintiff argues that Defendant Rebecca Pappas abused her authority as a School Police
11  Dispatcher by unlawfully gaining access to Plaintiff's personal information, Plaintiff fails to
12  support her claim with further details to demonstrate a plausible claim. (Pl.'s Resp. 9:21–26).
13  Plaintiff also fails to allege the existence of any custom or practice with sufficient plausibility.
14  Without an alleged violation of rights protected by the Constitution or created by federal
15  statute, Plaintiff cannot allege a valid Section 1983 claim.  The Court accordingly dismisses
16  Plaintiff's claim under Section 1983.

17         **C. Additional State Claims**

18         Plaintiff raises additional claims in her Complaint, including racketeering under NRS
19  207.380;[7] blacklisting under NRS 613.210; domestic violence under NRS 613.223; worker's
20  compensation under NRS 616C.015, 616C.475, 616C.530.1-5, 616C.570 and 616C.575;
21  unlawful employment practices under NRS 613.310.1(a,c); intrusion upon seclusion of privacy;
22  defamation; and intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 42–47).  Upon
23  reviewing the Complaint, the Court refrains from exercising supplemental jurisdiction over the

24
25
_____

[7] The Court notes that NRS 207.380 merely defines an enterprise whereas NRS 207.390 defines racketeering activity.

additional claims against all Defendants because they predominate over the federal claims under Title VII, the ADA, and Section 1983.

Supplemental jurisdiction "is a doctrine of discretion, not of right." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997); (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).  The Court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367.  In determining whether the state issues substantially predominate, the court considers the proof required for the state and federal claims, the scope of the issues raised, and the comprehensiveness of the remedy sought. *See Gibbs*, 383 U.S. at 726–27.  In considering whether to remand the state claims, courts must also consider judicial economy, convenience, and fairness to litigants. *Id.* at 726.

In the present case, Plaintiff's state claims predominate over the remaining 1983 claim. As explained above, the Court has dismissed all the claims over which it has original jurisdiction—namely, the Title VII, the ADA, and Section 1983 claims.  In addition, the state claims raise a variety of issues unrelated to the 1983 claim.  The state law claims involve domestic violence, blacklisting, racketeering, IIED, and defamation—issues that are distinct from the police's use of excessive force as alleged under the 1983 claim. *See Gibbs*, 383 U.S. at 726–27 ("if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals).  For example, to demonstrate a claim of blacklisting pursuant to NRS 613.210, Plaintiff must demonstrate that CCSD blacklisted or published the name of a discharged employee with the

1    intent to prevent that employee from securing similar or other employment. *See* NRS 613.210.

2    The standards of proof and factual evidence necessary to demonstrate such a claim differ

3    significantly from a 1983 claim, where Plaintiff must show that CCSD violated a constitutional

4    or federal statutory right pursuant to a custom or policy.  Specifically, an excessive force claim

5    under the Fourth Amendment requires an analysis of whether the officer's conduct was

6    objectively reasonable under the circumstances. *See Smith v. City of Hemet*, 394 F.3d 689, 701

7    (9th Cir. 2005).

8         The additional state law claims also require different forms of proof and facts.  Though

9    there may be some factual overlap between some state claims and the excessive force claim,

10   Plaintiff would nevertheless need to develop different facts to demonstrate that the police or

11   CCSDPD employees, under the color of law, used excessive force pursuant to an established

12   custom or policy. (*See* Compl. 17:27–18:4).

13        Lastly, the remedy sought in the state claims appear broader than those available under

14   the federal claim.  In the Complaint, Plaintiff requests monetary damages of $500,000.00 for

15   "police brutality excessive force against . . . Plaintiff." (*Id*. 17:27–28).  By contrast, Plaintiff

16   requests punitive damages in addition to monetary damages in her state law claims against

17   Defendants. (*Id*. 14:6–17:26).  The type and comprehensiveness of the remedies sought in the

18   state claims are, therefore, broader than those sought in the federal 1983 claim.

19        The Court accordingly finds that the state law claims substantially predominate over the

20   federal claims in this case. *See Eng v. Pac. Clinics*, No. 212CV10892SVWPJW, 2013 WL

21   12129611, at *7 (C.D. Cal. May 17, 2013); *San Pedro Hotel Co., Inc. v. City of Los Angeles*,

22   159 F.3d 470, 478 (9th Cir. 1998).  Remanding the state claims comports with the values of

23   economy, convenience, fairness, and comity. *See Eng v. Pac. Clinics*, No. 2:12-CV-10892-

24   SVW-PJW, 2013 WL 12129611, at *7 (C.D. Cal. May 17, 2013).  As held in *Eng*, "[t]he

25   interests of judicial economy and comity would be better served by allowing this Court to focus

its resources on the § 1983 claim, while deferring to the state courts to adjudicate the nine

distinct state law claims." *Id.*  Given that the litigation in this case has not significantly

processed and the claims would be better resolved in state court, the Court declines to exercise

supplemental jurisdiction over Plaintiff's state law claims and accordingly remands to Nevada

state court.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 7), is

**GRANTED**.  Plaintiff's Title VII and ADA claims are dismissed with prejudice.  Plaintiff's

1983 claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff elects to amend her 1983 claim, Plaintiff

shall have twenty-one (21) days from the date of this Order to file a Proposed Amended

Complaint.  The Amended Complaint shall be limited to the 1983 claim only.

**IT IS FURTHER ORDERED** that the Court **REMANDS** Plaintiff's state-law claims

to Clark County District Court.

**IT IS FURTHER ORDERED** that CCSDPD is dismissed as a party from this suit.

**DATED** this __29__ day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court