# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA E. ZEDDIES,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendant(s). | Case No. 2:20-cv-00477-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 27, 29, 30, 32, 34, 39, 40, 41] |

This is an employment-related action in which Plaintiff is proceeding *pro se*. *See* Docket No. 26 at 2-4 (providing overview of allegations and claims).[1] There has been a flurry of motion practice over the last two months, with eight motions now pending. None of the motions requires a hearing. *See* Local Rule 78-1. The Court resolves the motions as stated below.

**I.     MOTION TO AMEND (Docket No. 29)**

The Court construes Plaintiff's first motion as seeking leave to file an amended complaint. Docket No. 29. Defendants filed a response in opposition. Docket No. 31. United States District Judge Gloria M. Navarro has already issued an order that Plaintiff may file an amended complaint limited to pleading a claim under Section 1983. Docket No. 26 at 14. As a result, there is no need for Plaintiff to seek leave to amend. Accordingly, the motion for leave to amend is **DENIED** as unnecessary.[2] To the extent Plaintiff wishes to proceed further in this Court, she must file an

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff's filings meander through various issues, including those addressed elsewhere on the docket. This motion does the same. The Court declines to address any issue raised in this motion beyond the request for leave to amend the complaint. *Cf.* Local Rule IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed . . .").

1

amended complaint limited to Section 1983 by July 14, 2021.[3]  <u>Failure to file an amended complaint by that date may result in dismissal of this case.</u>

**II.      MOTION TO STAY (Docket No. 32)**

Plaintiff filed a motion to stay proceedings. Docket No. 32. Defendants filed a response in opposition. Docket No. 38. Although difficult to discern Plaintiff's intent in filing this motion, it appears that she seeks to stay proceedings pending a settlement conference or settlement discussion. *See* Docket No. 32 at 25:16-25:18.[4]  As Defendants highlight in response, however, there is no settlement, settlement discussion, or settlement conference in this case at this time. *See* Docket No. 38 at 2-3; *see also* Docket No. 36 (refusing to set additional settlement conference). Accordingly, Plaintiff's motion to stay is **DENIED**.

**III.     MOTIONS TO STRIKE (Docket Nos. 30, 34, 41)**

Defendants filed three motions to strike aimed at various filings made by Plaintiff. Docket Nos. 30, 34, 41. The first and third motions to strike have no response from Plaintiff, but she filed a response in opposition to the second motion to strike. Docket No. 35.[5]

District courts possess authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Motions to strike under the inherent power . . . are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Id.* "Similarly, courts have expressed reluctance at striking material without some showing of prejudice to the moving party."

---

[3] Defendant highlights that the deadline to amend as set by Judge Navarro has expired. *See* Docket No. 31 at 4. Plaintiff did file the instant motion before that deadline, however, and the interest of justice militates in favor of providing a new deadline for filing an amended complaint.

[4] Plaintiff's motion may be construed as seeking relief beyond the request for a stay. The Court declines to address tangential issues. *Cf.* Local Rule IC 2-2(b).

[5] Plaintiff's filing may be construed as seeking relief beyond opposing the motion to strike. The Court declines to address tangential issues. *Cf.* Local Rule IC 2-2(b).

2

*Benson v. Nev.*, 2017 U.S. Dist. Lexis 52095, at *2 (D. Nev. Apr. 4, 2017) (citing *Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013)). Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, it is not a useful expenditure of resources to entertain motions to strike without any showing of prejudice. *Mitchell v. Nev. Dept. of Corr.*, 2017 U.S. Dist. Lexis 59072, at *2 (D. Nev. Apr. 18, 2017) ("Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings" (quoting 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457-58 (2004)).

All three of Defendants' motions to strike are unpersuasive in that they do not explain in meaningful fashion why striking the underlying documents would further the overall resolution of the action, nor do they identify any prejudice to Defendants if the underlying documents are not stricken. Accordingly, the motions to strike are **DENIED** without prejudice.

## IV.    PETITION OF SETTLEMENT (Docket No. 39)

Plaintiff filed a "Petition of Settlement." Docket No. 39. Defendants filed a response in opposition. Docket No. 42. As Defendants make clear and as discussed above in Section II, there is no settlement, settlement discussion, or settlement conference in this case. The Court agrees with Defendants that, even liberally construed, it is not possible to discern the relief being sought by Plaintiff through this petition. *See* Docket No. 42 at 203. Accordingly, the Petition of Settlement is **DENIED** without prejudice.

## V.    MOTION TO REMOVE (Docket No. 40)

Plaintiff filed a motion to "remove" two of Defendants' filings, which the Court construes as a motion to strike. Docket No. 40. Defendants filed a response in opposition. Docket No. 43. It appears that Plaintiff is seeking to strike the identified documents on the basis that certain Defendants against whom she brought suit are no longer parties to this case, a premise from which Plaintiff alleges some sort of wrongful conduct by defense counsel.[6] The Court is not persuaded

---

[6] Plaintiff's motion may be construed as seeking relief beyond the request to strike. The Court declines to address tangential issues. *Cf.* Local Rule IC 2-2(b).

that the standards for discretionary striking (as outlined above in Section III) have been met. Accordingly, the motion to remove is **DENIED** without prejudice.

### VI.  MOTION TO FILE ELECTRONICALLY (Docket No. 27)

Plaintiff filed a motion to file electronically.  Docket No. 27.  No response has been filed. At this juncture, there are no live claims in the case.  Judge Navarro dismissed with prejudice several federal claims, remanded state claims, and afforded Plaintiff an opportunity to amend her complaint only with respect to pleading a claim under Section 1983.  *See* Docket No. 26.  Plaintiff has not filed any such amended complaint.  Because there are no live pleadings in the case, it is not clear that Plaintiff has any substantial need to file electronically at this juncture.  Accordingly, the motion to file electronically is **DENIED** without prejudice.

### VII.  CONCLUSION

In light of the above, the Court hereby rules as follows:

- Plaintiff's motion for leave to amend (Docket No. 29) is **DENIED** as unnecessary.  Any amended complaint must be limited to Section 1983 and must be filed by July 14, 2021.  <u>Failure to file an amended complaint by that date may result in dismissal of this case.</u>
- Plaintiff's motion to stay (Docket No. 32) is **DENIED**.
- Defendants' motions to strike (Docket Nos. 30, 34, 41) are **DENIED** without prejudice.
- Plaintiff's petition of settlement (Docket No. 39) is **DENIED** without prejudice.
- Plaintiff's motion to remove (Docket No. 40) is **DENIED** without prejudice.
- Plaintiff's motion to file electronically (Docket No. 27) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: June 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge