# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA E. ZEDDIES,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　　Defendant(s). | Case No. 2:20-cv-00447-GMN-NJK<br><br>**Order**<br><br>[Docket No. 49] |

　　　　Pending before the Court is Defendants' motion for more definite statement. Docket No. 49. Plaintiff has not filed a response.

　　　　A motion for a more definite statement is made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Hence, the rule "is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984).

　　　　Motions for a more definite statement are disfavored and rarely granted. *Herd v. Cnty. of San Bernadino*, 311 F. Supp. 3d 117, 1162 (C.D. Cal. 2018). A motion for more definite statement must be considered in light of the modest pleading standards required by the Federal Rule of Civil Procedure. *Id*. Similarly, when analyzing the pleading of a *pro se* plaintiff, courts are particularly mindful that such filings must be construed in a liberal manner. *See, e.g.*, *Beckner v. El Cajon Police Dept.*, 2007 WL 2873406, at *2 (S.D. Cal. Sept. 28, 2007).

　　　　In this case, Plaintiff has been ordered to file an amended complaint limited to a claim under 42 U.S.C. § 1983. *See* Docket No. 26 at 14. Although Defendants highlight certain aspects of Plaintiff's amended complaint that may be confusing, they also expressly argue that the

1

amended complaint "does not contain any allegations that satisfy the pleading requirements for stating a claim for relief under Section 1983." Docket No. 49 at 5. "If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion [to dismiss] under Rule 12(b)(6) *even if the pleading is vague or ambiguous*." 5C Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 1376 (supp. 2021) (emphasis added). Hence, it is unclear whether Defendants' arguments are properly presented through the lens of a motion for more definite statement, as opposed to a motion to dismiss.

In light of the above, the Court **DENIES** without prejudice the motion for more definite statement. The deadline to respond to the amended complaint is hereby **RESET** for August 27, 2021.

IT IS SO ORDERED.

Dated: August 13, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

2