**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTINA E. ZEDDIES, ) <br> ) <br>             Plaintiff, ) <br>    vs. ) <br> ) <br> CLARK COUNTY SCHOOL DISTRICT, *et al.*, ) <br> ) <br>             Defendants. ) <br> ) | Case No.: 2:20-cv-00477-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss the Amended Complaint, (ECF No. 54), filed by Defendants Clark County School District ("CCSD"), Jesus Jara, Meskerem Kassa, Rebecca Pappas, Stefanie Wilson-Palacio, and Sigifredo Veloz (collectively, "Defendants"). Plaintiff Christina Zeddies ("Plaintiff"), proceeding *pro se*, did not file a Response. Defendants filed a Notice of Non-Opposition, (ECF No. 57).

Also pending before the Court is Plaintiff's Motion to Deny Defendants' Notice of Non-Opposition, (ECF No. 58). Defendants also filed a Motion to Strike Plaintiff's Motion to Deny, (ECF No. 60). Neither party filed a response to either motion.

Also pending before the Court is Plaintiff's Motion to Move Trial, (ECF No. 59). Defendants filed a Response, (ECF No. 61).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss the Amended Complaint and Defendants' Motion to Strike Plaintiff's Motion to Deny. The Court also **DENIES** Plaintiff's Motion to Deny Defendants' Notice of Non-Opposition and Plaintiff's Motion to Move Trial.

## I. BACKGROUND

This case arises out of CCSD's termination of Plaintiff. (*See* Compl., Ex. A to Pet. Removal, ECF No. 1).  Plaintiff was an employee of CCSD and maintained several positions while employed at CCSD, including Administrative Clerk, School Police Dispatcher, School Bus Driver, and Skilled Trades Assistant. (*Id*. ¶ 3).

On December 27, 2012, Plaintiff was subpoenaed to testify at a deposition in a civil case, No.: 2:11-CV-01919-LRH-RJJ. (*Id*. ¶¶ 18–19); (*see* Subpoena, Ex. I to Pl.'s Resp., ECF No. 10-2).  Plaintiff alleges that Defendants discriminated against her and harassed her for testifying, assisting, or participating in the civil case. (Compl. ¶ 19).

On January 30, 2015, Plaintiff received a "Notice of Disciplinary Action Recommendation for Dismissal and Immediate Suspension without pay Pending Investigation" from CCSDPD. (*Id*. ¶ 21).  The Notice indicated that an evidentiary hearing would be scheduled within thirty (30) days. (*Id*.).

Nevertheless, on March 17, 2015, Plaintiff filed a charge of discrimination, EEOC No. 34B-2015-00537, with the Equal Employment Commission ("EEOC") and Fair Employment Practices Agency ("FEPA").[1] (*Id*. ¶ 20); (*see* EEOC Charge filed on March 17, 2015 ("First EEOC Charge"), Ex. A to Def.'s Mot. Dismiss ("MTD"), ECF No. 7-2).  In those charges, Plaintiff alleged, approximately three years after the incident in 2012, that "Defendant Morales subjected . . . Plaintiff to unlawful employment practices for assisting in an investigation . . . [and] unlawful racial employment practices for assisting in an investigation, by harassment and intimidation." (*Id*. at 2).  Plaintiff later withdrew her charge on September 2, 2015. (*See* Notice of Closing, Ex. B to MTD, ECF No. 7-3).

---

[1] Plaintiff alleges that she filed her First EEOC Charge on February 9, 2015; however, Defendant provides a copy of the EEOC charge which shows that Plaintiff actually filed her First EEOC Charge on March 17, 2015. (*See* First EEOC Charge, Ex. A to MTD).

Page 2 of 9

On September 14, 2015, Plaintiff was transferred to the Clark County School District Maintenance and Operations Department, a subdivision of CCSD. (Compl. ¶ 22). Plaintiff alleges that this transfer was a demotion in hourly rate of pay and yearly salary. (*Id*. ¶ 22). Additionally, she alleges that she did not receive compensation for lost wages. (*Id*.).

On December 21, 2015, Plaintiff reported of an incident of sexual assault to CCSDPD, in which Plaintiff alleges that Defendant Sigifredo Veloz grabbed the back of Plaintiff's neck, aggressively tilted her head towards his groin, and stated, "This is how I get my wife to suck it." (*Id*. ¶ 23). Plaintiff alleges that Defendant Karyn Caraway harassed and retaliated against Plaintiff for reporting the alleged incident of sexual assault. (*Id*. ¶ 24).

In July 2016, Plaintiff filed a worker's compensation claim concerning an undisclosed injury. (*Id*. ¶ 25). Plaintiff filed a second worker's compensation claim on October 17, 2016, after another reported notice of injury. (*Id*. ¶ 26). Plaintiff alleges that she was denied compensation and modification of her duties at work in light of her injuries. (*Id*.). She alleges that her supervisor ultimately sent Plaintiff home, purportedly stating that "there is no light nor modified duties with restrictions as a Skilled Trade Assistant and you cannot return to work till you are one hundred percent." (*Id*.).

Plaintiff alleges that she spent the next three years applying for approximately two hundred (200) open job opportunities within CCSD. (*Id*. ¶ 27). Plaintiff alleges that, during those three years, CCSD blacklisted Plaintiff and conspired to prevent her from engaging in or securing employment. (*Id*. ¶ 27). Plaintiff also alleges that she was discriminated against on account of her disability. (*Id*.).

On October 1, 2019, CCSD reinstated Plaintiff as an Administrative Clerk. (*Id*. ¶ 28). CCSD assigned Plaintiff to the Clark County School District Information and Technology Department. (*Id*. ¶ 29). On October 2, 2019, CCSD notified Plaintiff that she was identified as a "Surplus Employee" pursuant to negotiated agreement between CCSD and the Education

1    Support Employees Association ("ESEA"). (*Id*. ¶ 30).  CCSD subsequently reassigned Plaintiff

2    to a different position at the Related Services Center, a subdivision of CCSD. (*Id*. ¶ 32).

3    From October 14, 2019 to October 18, 2019, Plaintiff alleges that her supervisor,

4    Defendant Meskerem Kassa (also known as Meski Kassa), harassed Plaintiff for being

5    disabled. (*Id*. ¶ 33).  Plaintiff further alleges that Defendant Kassa directed Plaintiff to perform

6    tasks outside the scope of job, made embarrassing verbal comments in the office regarding

7    Plaintiff's disability, and otherwise harassed Plaintiff into mental stress resulting in

8    hypertension. (*Id*.).  Specifically, Plaintiff alleges that Defendant Kassa "conspired" to end

9    Plaintiff's employment and otherwise blacklist Plaintiff. (*Id*. ¶ 34).

10   On October 29, 2019, Plaintiff filed a second charge of discrimination with the EEOC.

11   (*Id*. ¶ 36); (*see* EEOC Charge filed on October 29, 2019 ("Second EEOC Charge"), Ex. C to

12   MTD, ECF No. 7-4).  In that charge, Plaintiff alleges "retaliation for engaging in protected

13   activity . . . religion, permanent disability, and racial innuendo(es)." (*Id*. at 2).  On December

14   12, 2019, CCSD directed Plaintiff to meet for an Investigatory Conference with Defendant

15   Kassa, two CCSD employees, and a representative from the ESEA. (Compl. ¶ 35).  Plaintiff

16   alleges that she has not received any notification regarding the outcome of the investigative

17   meeting. (*Id*.).  The EEOC later dismissed Plaintiff's second charge on October 31, 2019. (*See*

18   Dismissal and Notice of Rights, Ex. D to MTD, ECF No. 7-5).

19   Plaintiff, in her Complaint, asserts various claims against Defendants, including: (1)

20   racial discrimination; (2) racketeering under Nevada Revised Statute ("NRS") 207.380; (3)

21   intrusion upon seclusion of privacy; (4) defamation; (5) intentional infliction of emotional

22   distress; (6) discrimination on the basis of disability; (7) discrimination on the basis of

23   retaliation; (8) lost wages; (9) worker's compensation; (10) sexual harassment; and (11)

24   violation of § 1983. (Compl. ¶¶ 39, 47).  On March 29, 2021, the Court granted Defendants'

25   Motion to Dismiss, dismissing with prejudice Plaintiff's Title VII and ADA claims, remanding

1 Plaintiff's state-law claims to state court, dismissing Clark County School District Police
2 Department ("CCSDPD") as a party, and dismissing without prejudice with leave to amend
3 Plaintiff's Section 1983 claim. (*See* Order Granting MTD, ECF No. 26).  Plaintiff thereafter
4 filed an Amended Complaint, (ECF No. 45).  The parties thereafter filed the instant motions.
5 (*See* Defs.' Mot. Dismiss Am. Compl., ECF No. 54); (*see also* Pl.'s Mot. Deny Non-
6 Opposition, ECF No. 58); (*see also* Pl.'s Mot. Move to Trial, ECF No. 59); (*see also* Defs.'
7 Mot. Strike, ECF No. 60).

## II.  **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The Court first addresses Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's Motion to Deny Defendants' Notice of Non-Opposition, and Defendants' Motion to Strike before turning to Plaintiff's Motion to Move to Trial.

**A. Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 54); Plaintiff's Motion to Deny Non-Opposition, (ECF No. 58); and Defendants' Motion to Strike Plaintiff's Motion to Deny, (ECF No. 60)**

Pursuant to the Court's Order Granting Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint, (ECF No. 45). Defendants thereafter filed a Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 54). Because Plaintiff failed to file a response, Defendants thereafter filed a Notice of Non-Opposition, (ECF No. 57). That same day, Plaintiff filed a Motion to Deny Defendants' Notice of Non-Opposition ("Motion to Deny"),

1  (ECF No. 58).  Defendants thereafter filed a Motion to Strike Plaintiff's Motion to Deny, (ECF
2  No. 60).
3        Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities
4  in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's
5  fees, constitutes a consent to the granting of the motion." *See* D. Nev. Local R. 7-2(d).  Here,
6  Plaintiff did not timely file a response to Defendants' Motion to Dismiss Plaintiff's Amended
7  Complaint. (*See* Notice of Non-Opposition at 2, ECF No. 57).  Here, Plaintiff did not file a
8  response, and the deadline to do so has passed.  Though Plaintiff filed a Motion to Deny
9  Defendants' Non-Opposition on the same day Defendants filed their Notice of Non-Opposition,
10 Plaintiff did not respond to Defendants' Motion to Dismiss in her Motion to Deny or otherwise
11 explain why she delayed in filing a response. (*See* Mot. Deny, ECF No. 58).  Plaintiff broadly
12 claims that the Court should "[d]eny Defendants [sic] request to Dismiss Case without adequate
13 resolution for the Plaintiff;" however, does not provide any reason for the Court to support her
14 request. (*Id*. 1:26–27).  Even though Plaintiff is proceeding *pro se*, "[p]ro se litigants must
15 follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565,
16 567 (9th Cir. 1987).  The Court accordingly grants Defendants' Motion to Dismiss pursuant to
17 Local Rule 7-2(d).
18       Relatedly, the Court also grants Defendants' Motion to Strike Plaintiff's Motion to Deny
19 the Notice of Non-Opposition, (ECF No. 60).  The Court may strike "from a pleading an
20 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.
21 Civ. P. 12(f).  In deciding whether to strike a motion, courts consider whether striking would
22 "'further the overall resolution' of the action, and also the existence of 'excessive and repetitive
23 filings [that] have already slowed and complicated proceedings . . . .'" *See Jones v. Skolnik*,
24 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015) (citing to *Almy v. Davis*, No. 2:12-cv-00129-
25 JCM-VCF, 2014 U.S. Dist. LEXIS 24266 (D. Nev. Feb. 25, 2014)).  Here, Plaintiff has filed

"excessive and repetitive filings" that have delayed the underlying case. (*See* Order Denying Mot. Strike, 1:21–22) ("Plaintiff is cautioned that she is not permitted to continue filing repetitive requests for the same or substantially similar relief.  Continuing to do so may result in sanctions.").   Because striking Plaintiff's Motion to Deny the Notice of Non-Opposition will ultimately further the resolution of the present action, the Court accordingly grants Defendants' Motion to Strike.

      **B.  Motion to Move to Trial, (ECF No. 60)**

Plaintiff also filed a Motion to Move to Trial, which appears to be a motion demanding that Defendants settle the case. (*See* Mot. Move Trial 5:19–24) (requesting that the Court "Order for Settlement and DEMAND stipulation of an agreement between the Plaintiff and Defendant(s) pursuant to Nevada Arbitration Rule 3(C)").  Plaintiff has filed multiple requests to settle, which the Court has subsequently denied. (*See* Order Denying Mot Strike, ECF No. 56); (*see also* Order Denying Mot. for Hearing, ECF No. 50); (*see also* Order Denying Without Prejudice Mot. for Pro Se Litigant to File Electronically 3:14–19, ECF No. 44).  As the Court previously explained, the Court "will not participate in an additional Early Neutral Evaluation unless both parties believe one would be productive." (*See* Min. Order, ECF No. 25).  As Defendants have not demonstrated an interest in settlement, Plaintiff cannot force Defendants to settle or otherwise, to move this case to trial.  Accordingly, the Court denies Plaintiff's Motion to Move to Trial.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 54), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deny Defendants' Notice of Non-Opposition, (ECF No. 58), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Move to Trial, (ECF No. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, (ECF No. 60), is **GRANTED**.

The Clerk of Court is ordered to close the case accordingly.

**DATED** this __24__ day of January, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court